IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO:

SHANNON TWISLER
as parent and natural guardian of
N.T.., a minor,

      Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff hereby sues Defendant and alleges:

1.    Plaintiff, N.T[1] is a minor (age 8) and is represented in this action by her mother  and natural guardian, SHANNON TWISLER. Plaintiff is a citizen of New Jersey.

2.    Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line (hereinafter "DISNEY") is a foreign corporation which has its worldwide headquarters and principal place of business in Celebration, Florida.

---

[1] Initials are used to protect the identity of the minor Plaintiff.

3.      The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Specifically, the Parties to this action are completely diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty and maritime jurisdiction.

4.      This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because Defendant unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits only in this Federal District and Division.

5.      At all times material hereto, Defendant personally or through an agent:

a.   Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.   Was engaged in substantial activity within this state;

c.   Operated vessels in the waters of this state;

d.   Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

f.  Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Disney Dream*.

6.  Defendant is subject to the jurisdiction of the courts of this state.

7.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## PRELIMINARY ALLEGATIONS COMMON TO ALL COUNTS

8.  At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, the *Disney Dream*, (hereinafter the "vessel"), upon which Plaintiff was injured.

9.  At all times material, Plaintiff was a paying passenger and lawfully aboard the vessel, which was in navigable waters.

10. Defendant specifically promotes itself as a child friendly cruise line and markets family staterooms as being especially suitable for families traveling with small children.

11. Defendant is aware and anticipates families with young or small children will be sailing aboard its vessels, including the subject vessel.

12. Defendant is aware of that many accidents and falls occur due to changes in

elevation, and on thresholds to the restrooms in passenger staterooms.

13.    Defendant directly participated in and approved of the designs and layouts for the interior areas of the subject vessel, including passenger staterooms and those rooms designated as family staterooms.   During this process the Defendant had the ability to request changes and modifications to the layout and design, the placement of warning and caution signs, lighting schemes and placement of handrails and grab bars.

14.    Prior to accepting and taking possession of the subject vessel, Defendant inspected, approved and accepted the designs, layouts and placements of warning and caution signs,  for the interior areas of the subject vessel, including passenger staterooms and those rooms designated as family staterooms.

15.    Plaintiff's family had specifically booked a family stateroom which Defendant promotes as being suitable for young children.

16.    On or about October 3, 2023, just after arriving onboard the vessel to begin the cruise, Plaintiff tripped and fell on an unreasonably dangerous elevated bathroom threshold in their family stateroom, which lacked adequate markings, handrails and grab bars.

17.    The subject area constituted a dangerous condition for the reasons that include, but are not limited to:

a. Lack of proper warnings to indicate to passengers that there was tripping hazard, especially for young children like Plaintiff;

b. Lack of proper design and layout of the subject area, especially for young children like Plaintiff;

c. Lack of visual cues to indicate the existence of the change in elevation, especially for young children like the Plaintiff.

18.    Prior to the subject incident the Defendant knew or should have known of the dangerous conditions outlined above for reasons that include, but are not limited to:

a.    Defendant's placement of a "watch your step" caution sign, albeit completely inadequate and insufficient.  *Guevara v. NCL (Bahamas) LTD.*, 920 F.3d 710 (11th Cir. 2019)(A cruise ship operator has notice of a dangerous condition if a sign is posted on the ship warning of that condition); *Fylling v. Royal Caribbean Cruises*, *LTD*, 2019 WL 8275158 (December 12, 2019);

b. Defendant had actual and/or constructive notice of the dangerous conditions due to prior injuries, incidents and complaints;

c. As per Defendant's policies and procedures, Defendant's crewmember did and/or should have continuously monitored the family stateroom during regular inspections in-between sailings; and/or

d. As per Defendant's policies and procedures, Defendant's crewmember did and/or should have continuously monitored the subject area to identify and remedy hazardous conditions; had Defendant and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident.

19. The poorly designed, unreasonably dangerous, and defective condition(s) of the subject area was not open and obvious, there were not adequate or sufficient warnings, and Plaintiff had no reasonable way of knowing the existence of such condition(s).

20. As a result of the Defendant's negligence, the Plaintiff suffered serious personal injuries, including but not limited to, a displaced fracture of surgical neck of right humerus requiring an emergency medical disembarkation and immediate surgical intervention.

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20)  as though alleged originally herein.

21. At all times material hereto, it was the duty of Defendant to provide Plaintiff

with reasonable care under the circumstances.

22. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to be.

23. On or about October 3, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn passengers, including the Plaintiff, of the tripping hazards in changes of elevation in the stateroom;

   b. Failure to adequately warn passengers of the lack of handrails/grab bars for changes of elevation in her stateroom;

   c. Failure to provide sufficiently/properly marked changes of elevation;

   d. Failure to use adequate signage and/or visual cues to alert passengers, including the Plaintiff of a change in level between the main cabin and the cabin bathroom;

   e. Failure to adequately warn the Plaintiff of the hazard(s) posed to her, due to improper and inadequate, maintenance and/or inspection of the subject area;

   f. Failure to place a watch your step sign and/or other visual cues at a

height where it is apparent to the small children whom this stateroom is specifically marketed to; and/or

g.  Failure to adequately warn passengers and the Plaintiff of other trip and fall accidents previously occurring in the same manner, area, and/or same location.

24.   The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred had Defendant, its agents, servants, and/or employees adequately warned and/or communicated the foregoing to Plaintiff.

25.   At all times material hereto, the subject area was poorly designed, unreasonably dangerous, and/or defective in nature.

26.   At all times material hereto, Defendant knew of the foregoing dangerous conditions (as set forth in paragraph 18) causing Plaintiff's incident and failed to correct and/or warn Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or through prior

incident(s) involving same and/or similar falls due to changes in elevation.

27.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.   The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20)  as though alleged originally herein

28.     At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

29.     At all times material hereto, it was the duty of Defendant to maintain the subject area in a reasonably safe condition.

30.     On or about October 3, 2024 Defendant and/or its agents, servants and/or

employees breached its duty through the following acts and/or omissions:

a. Failure to provide passengers, including Plaintiff, with a walking area free of unreasonable tripping hazards and/or concealed changes in level;

b. Failure to provide reasonably safe walkways and/or entrances to stateroom bathrooms;

c. Failure to provide handrails and/or grab bars so that the Plaintiff could navigate safely in her cabin, including changes of elevation;

d. Failure to adequately inspect and/or maintain the subject cabin – change in level - in a reasonably safe condition, including, but not limited to, placing and/or maintaining adequate signage visible in day light and in evening to both adults and small children;

e. Failure to adequately and reasonably maintain the subject area so that there were sufficient visual cues to alert passengers to the change in elevation;

f. Failure to adequately inspect and/or maintain the subject cabin – change in level - reasonably safe condition;

g. Failure to correct hazardous conditions following prior trip-and-fall accidents on the same type of change in level and/or threshold and/or step(s); and/or

h. Failure to eliminate, modify and/or correct the hazard(s) which caused

Plaintiff to suffer her accident.

31. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately maintain, inspect and monitor the subject area.

32. At all times material hereto, the subject area was poorly designed, unreasonably dangerous, and defective in nature.

33. At all times material hereto, Defendant knew of the foregoing dangerous conditions (as set forth in paragraph 18) causing Plaintiff's incident and failed to correct and/or warn Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or through prior incident(s) involving same and/or similar falls due to changes in elevation.

34. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, impairment to future earnings,

disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.   The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## <u>COUNT III – GENERAL NEGLIGENCE</u>

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20)  as though alleged originally herein.

35.   At all times material it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

36.   On or about October 3, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

37.   Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants and/or employees as follows:

a.   Failing to use reasonable care to  ensure that family staterooms marketed to families with small children are in-fact safe for small children;

b. Failure to provide the Plaintiff with reasonable care under the circumstances, including a safe place to walk free of tripping hazards;

c. Failure to ensure the subject area was free of dangerous and defective conditions(s), including tripping hazard(s);

d. Failure to identify unreasonably dangerous, defective condition(s) and tripping hazard(s) in the subject area;

e. Failure to eliminate, modify and/or correct the unreasonably dangerous, defective condition(s) and tripping hazard(s) in the subject area;

f. Failure to promulgate and enforce adequate policies and procedures aimed at ensuring that the dangerous, defective condition(s) and tripping hazard(s) which caused Plaintiff's incident would be discovered and corrected;

g. Failure to promulgate and/or enforce adequate procedures with regard to providing assistance and/or warnings to passengers, including Plaintiff, in the subject area;

h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around unreasonably dangerous, defective area(s);

i. Failure to analyze prior trip/slip-and-fall accidents aboard Defendant's vessels occurring in the same manner and/or area so as to remedy such

dangerous and/or hazardous conditions;

j. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their recurrence, and more particularly Plaintiff's incident; and/or

k. Failure to place threshold guards or similar items to lower the chance of a trip and fall on the threshold.

38.  The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

39.  At all times material hereto, the subject area was poorly designed and unreasonably dangerous in nature.

40.  At all times material hereto, Defendant knew of the foregoing dangerous conditions (as set forth in paragraph 18) causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its

maintenance and/or inspections of the subject area and/or through prior incident(s) involving same and/or similar falls due to changes in elevation.

41.     As a direct and proximate cause of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.   The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: October 1, 2024.

Respectfully submitted,

LIPCON, MARGULIES, & WINKLEMAN, P.A. *Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, FL 33134
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By:      */s/ Griffin Sher*
GRIFFIN SHER

Florida Bar No. 1023219
Gsher@lipcon.com
CAROL L. FINKLEHOFFE
Florida Bar No.: 0015903
Cfinklehoffe@lipcon.com